IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TEQUILA MARSH | ) | |
| | ) | |
| v. | ) | No. 3:15-00002 and 3:15-00003 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are Motions to Vacate Or Set Aside Sentence, Or For Delayed Appeal (Docket No. 1), filed by the Movant/Petitioner, Tequila Marsh, in the above-styled cases; Responses filed by the Government (Docket Nos. 3, 12, 13 in Case No. 3:15-00002; Docket Nos. 2, 11, 13 in Case No. 3:15-00003), and supporting materials filed by the Petitioner (Docket Nos. 11, 23-26 in Case No. 3:15-00002; Docket Nos. 10, 18-21 in Case No. 3:15-00003).

The Court held an evidentiary hearing on August 17, 2015 to consider Petitioner's claim that trial counsel was ineffective for failing to file an appeal in the underlying criminal case.

II. Procedural and Factual Background

In the first underlying criminal case, the Petitioner was charged with assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b). (Docket No. 16 in Case No. 3:09-000291). The charge was based on Petitioner's use of an automobile to assault a postal inspector who was investigating a counterfeit check fraud. (Id.)  Prior to the date set for trial, the Court held a pretrial conference at which the Petitioner, who was on pretrial release, did not appear. (Docket No. 58 in Case No. 3:09-00291). Petitioner's trial counsel, Isaiah S. Gant, submitted medical records to the Court indicating that the Petitioner was unable to appear due to

medical concerns. (Docket Nos. 57-59 in Case No. 3:09-00291). The Petitioner subsequently appeared at a hearing and entered a plea of guilty to the charge in the Indictment. (Docket Nos. 60, 61 in Case No. 3:09-00291).

Prior to the date set for sentencing, the Probation Office filed a Petition alleging that the Petitioner had provided fraudulent information, both verbally and in writing, to avoid required reporting. (Docket No. 65 in Case No. 3:09-00291). The Court scheduled a hearing, on the date set for sentencing, to consider the allegations. (Id.) When the Petitioner failed to appear for the sentencing/revocation hearing, the Court issued an arrest warrant for the Petitioner. (Docket Nos. 71, 72, 79 in Case No. 3:09-00291).

The Petitioner was arrested some ten months later. (Docket No. 73 in Case No. 3:09-00291). The Court ordered that the Petitioner be detained, and scheduled a sentencing hearing. (Docket No. 79 in Case No. 3:09-00291). In the meantime, the Government indicted the Petitioner for willful failure to appear, in violation of 18 U.S.C. § 3146(a)(1), in Case No. 3:13-00101. (Docket No. 1 in Case No. 3:13-00101).

Prior to the new sentencing date, Mr. Gant filed a motion requesting to be relieved, and the Court granted the request. (Docket Nos. 80, 81 in Case No. 3:09-00291). Attorney Michael J. Flanagan subsequently entered a Notice of Appearance as appointed counsel for the Petitioner. (Docket No. 82 in Case No. 3:09-00291).

After two continuances, the sentencing hearing for both cases was held on December 18, 2013, and the Court sentenced the Petitioner to 110 months of imprisonment in Case No. 3:09-00291, followed by a consecutive sentence of 27 months in Case No. 3:13-00101, for a total sentence of 137 months for the combined cases. (Docket Nos. 93, 94 in Case No. 3:09-00291;

2

Docket Nos. 26, 27 in Case No. 3:13-00101). The record reflects that no appeal was filed in either case.

III. Analysis

A. The Petitioner's Claims

The Petitioner claims that her convictions and sentences should be vacated because she received the ineffective assistance of counsel.

Because the Court concludes that the Petitioner is entitled to a delayed appeal, the Court finds it unnecessary to rule on the merits of Petitioner's other claims. Nothing herein is intended to preclude the Petitioner from raising those claims on direct appeal or in a later collateral proceeding if otherwise permitted by applicable law.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

C.  Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show:  (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998).  In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In  Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000), the Supreme Court reiterated prior decisions that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed by a client to do so. In such a case, the

4

defendant is entitled to a delayed appeal and need not show any likelihood of success on its merits. Id.

When the client has not specifically instructed his or her attorney to file an appeal, however, the court is to consider whether the attorney "consulted" with the defendant about the advantages and disadvantages of filing an appeal. 120 S.Ct. at 1035. If the attorney has consulted with his client about the possibility of filing an appeal, his or her conduct is considered professionally unreasonable only if he or she fails to follow the defendant's express instructions. Id. If the attorney failed to consult with his or her client, the court is to examine whether that failure constitutes deficient performance. Id. at 1035-36. See also Regalado v. United States, 334 F.3d 520, 524-25 (6th Cir. 2003).

The Petitioner and Mr. Flanagan testified at the evidentiary hearing. Petitioner testified that she filled out the "notice of appeal" form that was given to her by the Court at the sentencing hearing, and sent it to Mr. Flanagan's office for filing three days after the sentencing hearing. According to the Petitioner, she later spoke to Mr. Flanagan on the phone and told him she wanted to appeal, but this conversation apparently took place after the appeal filing deadline had expired.

Mr. Flanagan testified that he represented the Petitioner at the sentencing hearing for both her assault and failure to appear cases in December, 2013. According to Mr. Flanagan, the Petitioner did not seem dissatisfied with the sentence after the sentencing hearing.

At some point, either before the sentencing hearing, or a few days later, Mr. Flanagan testified, the Petitioner expressed dissatisfaction with her guilty plea in the assault case and told him that she did not assault the officer. Mr. Flanagan testified that he told the Petitioner that she

5

would not be able to appeal that issue since she had pled guilty to the offense. According to Mr. Flanagan, the Petitioner did not tell him she wanted to appeal her sentence.

Mr. Flanagan testified that he did not receive the "notice of appeal" form the Petitioner said she mailed to him, and only learned of her desire to appeal when she wrote a letter to the Court in May, 2014.

Based on the testimony adduced at the hearing, the Court is persuaded that the Petitioner sent a notice of appeal form that was never received by Mr. Flanagan. Under these circumstances, the Court concludes that Mr. Flanagan was not ineffective for failing to file a notice of appeal. The Court also concludes, however, that due to some mishap with the mail service, the Petitioner was deprived of the opportunity to pursue a direct appeal. See Dorn v. Lafler, 601 F.3d 439, 443-45 (6th Cir. 2010)(Prisoners have a constitutional right of access to the courts, and legal counsel, which extends to direct appeals; prejudice is presumed where violation is shown).

Accordingly, the Court concludes that the Petitioner is entitled to a delayed appeal. The Court vacates the Judgments In A Criminal Case, filed in Case No. 3:09-00291 (Docket Nos. 93, 94), and Case No. 3:13-00101 (Docket Nos. 26, 27), and reenters the Judgments as of the date of entry of this Order. The Judgments otherwise remain unchanged. The Petitioner is advised that she has a right to appeal the re-imposed sentences, and that the time for filing a notice of appeal in each case from the reimposed sentence is 14 days, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i). See, e.g., Rosinski v. United States, 459 F.2d 59 (6th Cir. 1972); Johnson v. United States, 146 Fed. Appx. 4, 2005 WL 1506050, at ** 2 (6th Cir. June 27, 2005); United States v. Polson, 343 Fed. Appx. 88, 2009 WL 2568096, at ** 4 n. 1 (6th Cir. Aug. 21,

2009). Petitioner's current counsel, Jonathan E. Richardson, shall represent the Petitioner on appeal.

The Clerk of Court is directed to file a copy of this Memorandum and Order in Criminal Case No. 3:09-00090 and in Criminal Case No. 3:13-00101.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is entitled to a delayed appeal.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE